UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JAMAR OSEI ESHO,**

**Plaintiff,**

**v.** **Case No. 26-CV-1265**

**LYFT, INC., FARYAL UMAR,**
**and SUBHAN UMAR,**

**Defendants.**

---

**ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUOT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING THE COMPLAINT**

---

Plaintiff Jamar Osei Esho, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Esho also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

The court will resolve the motion for leave to proceed without prepayment of the filing fee. However, because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall therefore randomly assign this matter to a district judge for consideration of the recommendations outlined below.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Esho was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On July 20, 2026, Esho filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On August 27, 2025, the court ordered that Esho shall pay $62.84 as an initial partial filing fee by September 28, 2026. (ECF No. 7.) Esho paid the fee on September 14, 2026. The court grants Esho's motion for leave to proceed without prepayment of the filing fee and allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## REPORT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Esho's Allegations and Analysis*

Esho alleges that Faryal Umar and Subhan Umar, who were employed by Lyft, Inc., caused him to be falsely arrested and wrongfully imprisoned. (ECF No. 1 at 2-

3.) To state claim under § 1983, a plaintiff must show that "the alleged deprivation was committed by a person acting under the color of state law." *See Rodriguez v. Plymouth Ambulance Service,* 577 F.3d 816, 823 (7th Cir. 2009). The named defendants are not persons acting under the color of state law, but a private company and employees of that private company. As such, Esho does not state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** that the case be dismissed for failure to state a claim upon which relief be granted and judgment entered accordingly.

**IT IS FURTHER RECOMMENDED** that Esho incur a strike under 28 U.S.C. § 1915(g);

**IT IS HEREBY OPRDERED** that Esho's motion for leave to proceed without prepayment of the filing fee is **GRANTED** and that that the agency having custody of Esho shall collect from his institution trust account the $287.15 balance of the filing fee by collecting monthly payments from Esho's prison trust account in an amount equal to 20% of the preceding month's income credited to Esho's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Esho is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 1st day of October, 2026.

BY THE COURT



WILLIAM E. DUFFIN
United States Magistrate Judge

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.